UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JONI JONES, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 2:08 cv 31 |
| | ) |
| KEN SALAZAR,[1] SECRETARY, UNITED | ) |
| STATES DEPARTMENT OF THE | ) |
| INTERIOR, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

This matter is before the court on the Motion in Opposition to Defendant's Claim of Waiver of Jury Demand by Plaintiff [DE 25] filed by the plaintiff, Joni Jones, on March 6, 2009, and the Motion for Leave to File *Instanter* Defendant's Memorandum in Opposition to Plaintiff's Motion to Reinstate Jury Demand [DE 26] filed by the defendant, Ken Salazar, Secretary, United States Department of the Interior, on April 2, 2009. For the following reasons, the Motion in Opposition to Defendant's Claim of Waiver of Jury Demand by Plaintiff [DE 25] is **DENIED,** and the Motion for Leave to File *Instanter* is **DENIED AS MOOT.**

Background

The docket entry for the Rule 16 Preliminary Pretrial Conference on July 11, 2008, reads: "Magistrate Consent forms due by

---

[1] Because of the change in presidential administrations, Ken Salazar has replaced Dirk Kempthorne as the Secretary of the Interior. Therefore, the caption has been revised to reflect the name of the individual currently serving as Secretary of Interior.

8/4/2008. Pla orally moves to withdraw jury demand. No objection by Dft. GRANTED. Jury Demand WITHDRAWN."[2] (*See* DE 18) In addition, at this conference, the plaintiff, Joni Jones, states that she was willing to consent to a bench trial before the Magistrate Judge, however, the government's counsel indicated that he could not consent at that time without further discussion with his client. The parties participated in three subsequent conferences: a status conference on January 30, 2009; a settlement conference on February 23, 2009; and a telephonic status conference held on March 4, 2009. (*See* DEs 22, 23, 24) Following the inability to resolve this matter at the February 23, 2009 settlement conference, the subject of the Jones' waiver of her jury demand was revisited. The government did not consent to trial before the Magistrate Judge, and Jones contends that "her waiver was conditional [upon consent to bench trial before Magistrate Judge Rodovich], and that Defendant, by not stipulating to Magistrate Rodovich, kept the jury demand in place." (Pltf. Mot. in Opp. to Deft. Claim of Waiver of Jury Demand by Pltf., p. 2)

The government belatedly filed its response to Jones' motion, along with the Motion for Leave to File *Instanter*.

<u>Discussion</u>

Federal Rule of Civil Procedure 38(d) provides, "A party waives a jury trial unless its demand is properly served and

---

[2] The Rule 16 Conference was not a recorded hearing before the court.

2

filed. A proper demand may be withdrawn only if the parties consent." Federal Rule of Civil Procedure 39(a) further explains: "The trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record . . . ." In granting such a stipulation, "[a] plaintiff may not condition his or her waiver of jury trial on having a bench trial before a particular judge." 9 Wright & Miller, *Federal Practice and Procedure* § 2321 (3d ed. 2008).

A district court in New York considered this issue in a pro se patent case when the plaintiff balked at a bench trial after one district judge was elevated to the Court of Appeals and his case was reassigned to another district judge. *Kahn v. General Motors Corp.*, 865 F.Supp. 210, 215 (S.D.N.Y. 1994). Even though the litigant in *Kahn* was pro se, the right to a jury trial is fundamental, and courts "indulge every reasonable presumption against waiver" of the jury demand, the court found that the plaintiff was not prejudiced by not having his chosen judge presiding over the bench trial. The court concluded that the prejudice and injustice to the parties "who in reliance on waiver" prepared for a bench trial compelled finding the waiver binding. *Kahn*, 865 F.Supp. at 214. In summation of the matter, the court explained:

> To permit parties to condition jury waivers
> on having a bench trial before a specific
> judge would not only corrupt the assignment
> system in this district, but, [sic] would
> disrupt the orderly management of cases gen-

3

> erally throughout the Federal courts. It is
> a basic proposition that all district judges
> are equal and that litigants have no right to
> choose a particular judge once a case has
> been filed. . . . Litigants know that long
> pending civil cases may frequently be trans-
> ferred from one judge to another for disqual-
> ification, death, illness, and resignation of
> a judge. Cases are also transferred when
> judges assume senior status and whenever
> visiting judges come and go. . . .
>
> Enforcing Kahn's condition would create ob-
> stacles to necessary reassignments and cause
> delay and inefficiency prejudicing other
> parties. Discouraging conditions such as
> this will avoid judge shopping and encourage
> parties to decide whether to waive a jury
> considering substantive issues such as the
> complexity of the case, rather than the per-
> ceived advantage of a particular judge.
>
> 865 F.Supp. at 214-15.

Here, the only official record of the Rule 16 conference, the docket entry, reports that Jones made a motion to withdraw her jury demand, there was no objection from the defendant, and the court granted the motion. Regardless of Jones' motive or strategy, the record reflects the withdrawal of her jury demand. Likewise, the lack of objection to the clearly stated docket entry for at least seven months shows Jones' tacit approval of that result. *See **Middle Tennessee News v. Charnal of Cincinnati, Inc.**,* 250 F.3d 1077, 1083 (7th Cir. 2001)(discussing that writ- ten or oral stipulation entered into the court's record as well as a party's conduct may effectively waive the party's right to jury trial). As in **Kahn**, the government reasonably relied on the withdrawal of the demand. Likewise, the random assignment of

cases to discourage judge shopping weighs against a conditional withdrawal of jury demand such that Jones has attempted.

There is no need to enter the "he-said, she-said" fray between the parties' counsel about exactly who said what during the unrecorded Rule 16 conference held in July 2008. The docket entry explaining the discussions, deadlines, and decisions during the conference was entered that same day. The parties received the entry, and no objection was made until at least seven months later. The law on this issue clearly states that a conditional waiver based upon a specific judge hearing the matter is a waiver of the jury demand and applies to any subsequent judge that may be assigned to the case. Because the analysis here is based purely on the law of the issue of waiver of jury demand and the court did not rely upon the belated affidavit of government counsel or the argument set forth within the government's response, the Motion for Leave to File *Instanter* is **DENIED AS MOOT.**

_____

For the foregoing reasons, the Motion in Opposition to Defendant's Claim of Waiver of Jury Demand by Plaintiff [DE 25] filed by the plaintiff, Joni Jones, on March 6, 2009, is **DENIED**, and the Motion for Leave to File *Instanter* Defendant's Memorandum in Opposition to Plaintiff's Motion to Reinstate Jury Demand [DE 26] filed by the defendant, Ken Salazar, Secretary of the Department of the Interior, on April 2, 2009, is **DENIED AS MOOT.**

ENTERED this 15th day of May, 2009.

                                        s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge